## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **TRACI CARTER** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 06cv203 RWT |
| | * | |
| **CHRIS DINOTO** | * | |
| | * | |
| and | * | |
| | * | |
| **CHICK-FIL-A**, | * | |
| | * | |
| Defendants | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

On January 24, 2006, Traci Carter filed a Complaint, *pro se*, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq* ("Title VII").  *See* Paper No. 1.  On March 27, 2006, Defendants filed a Motion to Dismiss.  *See* Paper No. 8.  Along with her Response, on April 11, 2006, Plaintiff filed an Amended Complaint.  *See* Paper Nos. 11, 12.

On April 25, 2006, Defendants filed a Motion to Dismiss, asserting that Plaintiff had improperly filed an Amended Complaint without leave of Court.  *See* Paper No. 14.  On May 8, 2006, the Court issued a Memorandum Opinion, rejecting Defendants' assertion that Plaintiff had improperly filed an Amended Complaint, in light of Federal Rules of Civil Procedure 7(a) and 15(a). *See* Paper No. 17.  The Court denied as moot Defendants' first Motion to Dismiss [Paper No. 8] in light of the Amended Complaint, and further denied without prejudice Defendants' second Motion to Dismiss [Paper No. 14], leaving Defendants free to subsequently file a Motion to Dismiss to attack the substance of Plaintiff's Amended Complaint.  *See* Paper No. 18.  On May 17, 2006, Defendants filed its Answer, and the Motion to Dismiss currently pending before the Court.  *See*

Paper Nos. 19, 20.

At the outset, Plaintiff's Amended Complaint clearly does not comply with the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 8(a); 10(b). The Court, however, must construe all pleadings "as to do substantial justice," Fed. Rule Civ. P. 8(f), particularly as related to *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and therefore, will overlook such defects to the extent possible.

In her Amended Complaint, Plaintiff states that she worked for Chick-Fil-A for 5 years, at a store "owned and operated" by Defendant Chris Dinoto. *See* Am. Compl., at 1, ¶ 1. At some point during her employment, Plaintiff began working with Hector Matos, who was General Manager of the restaurant. *See id.*, at 1, ¶¶ 1, 2. Plaintiff alleges that Mr. Matos repeatedly sexually harassed her. *See id.* At some point, a co-worker and Plaintiff approached Mr. Dinoto about Mr. Matos's behavior, and Mr. Matos was fired. *See id.*, at 2, ¶¶ 3, 8. Thereafter, Mr. Dinoto allegedly rehired Mr. Matos, in some capacity. *See id.*, at 2, ¶ 9. Reading Plaintiff's Complaint liberally, the Court discerns that Plaintiff has named Mr. Dinoto in this action as a result of his failure to fire Mr. Matos.

Nonetheless, the Court of Appeals has held:

> The enforcement provision of Title VII permits actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b). Title VII and the ADA define an "employer" in pertinent part as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C.A. § 2000e(b) (West 1994); *see* 42 U.S.C. § 12111(5)(A) (West 1995). We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as "employers." *See Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180-81 (4th Cir.1998) (holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer).

*Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999).

This case law makes it clear that Plaintiff cannot state a Title VII claim against Mr. Dinoto personally, but rather, only against Plaintiff's employer, Chick-Fil-A.  Accordingly, the Court will grant Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, and dismiss this action as to Defendant Chris Dinoto only.


DATE:    3/1/07                                                /s/
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE